R. J. Poole et al. v. Burnet County.

Decided November 25, 1903.

County Treasurer—School Fund—Bond.

This case is affirmed in accordance with the rulings of the Supreme Court upon certified questions herein (Poole v. Burnet County, 97 Texas, 77.)

Appeal from the District Court of Burnet. Tried below before Hon. M. D. Slator.

*Matthews & Browning*, for appellants.

*Ike D. White, T. E. Hammond*, and *Dayton Moses*, for appellee.

ALLEN, Special Chief Justice.—This was a suit brought by the county of Burnet against R. J. Poole and the other appellants for breach of a bond as treasurer of the school fund of Burnet County, the said Poole being the principal and the other appellants sureties thereon. From a judgment in favor of the county, the case is appealed to this court. The facts, so far as they are necessary to a decision of the case, are as follows:

At the general election in 1900, the appellant R. J. Poole was elected county treasurer of Burnet County, Texas. On November 27, 1900, he executed his bond to the county judge of said county in the sum of $25,000, conditioned that he would safely keep and faithfully disburse the school fund of Burnet County, according to law. The bond so given was in words and figures as follows:

"The State of Texas, County of Burnet. Know all men by these presents: That we, Robert J. Poole, as principal, and W. H. Boggess, J. P. Barton, B. H. Stewart, W. J. Powell, Wm. Russell, J. G. Brydson, M. L. Ater, J. W. Wilkerson, and T. D. Vaughan, as sureties, are held and bound unto Ike D. White, county judge of Burnet County, Texas, and his successors in office in the sum of twenty-five thousand dollars, for the payment of which we hereby bind ourselves and our heirs, executors and administrators, jointly and severally by these presents.

"Signed with our hands, and dated this 27th day of November, 1900.

"The condition of the above obligation is such, that, whereas, the above bounden R. J. Poole was, on the 6th day of November, 1900, duly elected to the office of treasurer in and for Burnet County, in the State of Texas.

"Now, therefore, if the said R. J. Poole shall faithfully perform and discharge all the duties required of him by law as treasurer aforesaid, and shall safely keep and faithfully disburse the school fund of Burnet County, according to law, and render a just and true account thereof to the Commissioners Court at each regular term, then this obligation to be void, otherwise to remain in full force and effect.

"In testimony whereof, witness our hands."

This bond was properly approved by the county judge of said county on December 3, 1900. On May 12, 1902, said Poole as treasurer of said county should have had in his hands a balance belonging to the school fund of said county amounting to $6234.02. The Commissioners Court of said county on said date having ascertained from the reports of said treasurer that said amount should have been in his hands belonging to said fund, thereupon called on the said Poole to produce the money which he had actually on hand belonging to said fund, and said Poole then produced only $514.04, and the reason that he gave for not producing the remainder of said money was that he had deposited the same in the bank of W. H. Westfall & Co., which bank had become insolvent, and said treasurer, when called upon to produce said money by said Commissioners Court, failed to produce more than $514.04, and he was then and up to the time of the trial unable, for the reason stated, to produce the balance, which was the amount for which the county recovered a judgment in the trial court.

Said Poole, at the time of the trial of this cause, was still the county treasurer of said county, and there is no evidence that he had failed to pay any warrant drawn against said fund, and, being still in office, no occasion has ever arisen for him to pay the balance of said funds to his successor in office, so that the only evidence of a breach of the bond was the facts hereinbefore stated.

The Supreme Court, upon certified questions by this court, has passed upon all the material issues raised in this case, and has decided such issues adversely to the appellants. See Poole et al. v. Burnet County, 97 Texas, 77.

Upon the authority of their decision upon such certified questions, we find no error in the judgment of the lower court, and such judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.

NOTE.—Chief Justice Fisher, being disqualified, G. W. Allen, Esq., was appointed and qualified to sit as Special Chief Justice in hearing this cause.